IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARK R. EDWARDS, SR.,**

        **Petitioner**,

**v.**                                          **Civil Action No. 5:09cv95**
                                                    **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner initiated this § 2241 action on July 22, 2009, in the United States District Court for the Western District of Virginia. Because the petitioner is incarcerated at the Gilmer Correctional Institution in Glenville, West Virginia, the case was transferred to this court on August 18, 2009. This case is now before the Court on the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

### II. Contentions of the Parties

**A. The Petition**

In the petition, the petitioner asserts that the Bureau of Prisons ("BOP") has failed to properly compute his federal sentence. Specifically, the petitioner asserts that he is entitled to credit on his federal sentence for time spent in the custody of the State of Tennessee between July 16, 2000 and August 16, 2006.

**B.     The Respondent's Motion**

In the respondent's motion, it asserts that the petition should be denied with prejudice because the petitioner's sentence has been properly computed. In support of this request, the respondent asserts:

(1) the petitioner's sentence did not commence until the date it was imposed, August 16, 2006;

(2) the petitioner was in the primary jurisdiction of the State of Tennessee for the time period in question, has received time on his state sentence for that time, and therefore, is not entitled to credit for that same time on his federal sentence;

(3) a Nunc Pro Tunc Designation is not warranted; and

(4) the petitioner has already received all pre-custody credit which he is due.

## III.     Standard of Review

**A.     Motion to Dismiss**

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the petition to be true, and construing the allegations in the light most favorable to the petitioner, it is clear, as a matter of law, that no relief could be granted. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for

summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.  Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party."  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact.  Celotex at 323.  Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The nonmoving party must present specific facts showing the existence of a genuine issue for trial.  *Id.*  This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Anderson at 256.  The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment.  *Id.* at 248.  Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  Matsushita, at 587 (citation omitted).

## IV. The Petitioner's Conviction and Sentence

The petitioner was arrested by state officials on July 16, 2000. Resp't Memorandum (dckt. 10) at Ex. 1. On September 21, 2000, the petitioner was taken into federal custody pursuant to a federal writ. *Id*. at Att. A. On July 16, 2001, the petitioner was sentenced by the Western District of Virginia to 264 months incarceration. *Id*. at Att. B. The petitioner was then returned to the custody of the state. *Id*. at Att. A.

On August 16, 2001, the petitioner was sentenced by the state of Tennessee. *Id*. at Att. C. The petitioner received an eight-year term of imprisonment. *Id*. The state granted the petitioner credit on his state sentence for all time served from July 17, 2000 until the date of his state judgment. *Id*. at Att. C.

On August 16, 2006, the petitioner was paroled from his state sentence and taken into custody by federal authorities. *Id*. at Att. D and E. Therefore, the BOP has commenced the petitioner federal sentence as of that date. *Id*. at F.

The petitioner's federal sentence was reduced to 234 months on November 17, 2008. *Id*. at Att. G. The petitioner's projected release date is August 12, 2023. *Id*. at Att. E.

## V. Analysis

### A. Commencement of Sentence/Prior Custody Credit

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General).

Because the petitioner's federal sentence was imposed after November 1, 1987, prior custody credit is governed by 18 U.S.C. § 3585.

A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or
>
> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

In this case, the undisputed facts show that the petitioner was originally arrested by the State of Tennessee on July 16, 2000. He was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum on September 21, 2000. The petitioner received a 264-month federal sentence on July 21, 2006, and was then returned to state custody where he later received a state sentence of eight years. After his release on parole from his state sentence, the petitioner was taken into federal custody for service of his federal sentence. The petitioner received credit on his state sentence for all time in custody from July 17, 2000, until his release on parole. The BOP has credited the petitioner with time on his federal sentence for July 16, 2000, the date of his initial arrest, because the State of Tennessee did not credit that day to his state sentence. The BOP has commenced the petitioner's sentence as of August 16, 2006, the date the petitioner was released from state custody.

Based on this procedural background, it is clear that after the petitioner's arrest by state authorities on July 16, 2000, he was in the primary custody of the State of Tennessee. Although the petitioner was transferred to federal custody to face his federal charges, such transfer was performed via a federal writ. Thus, during his federal proceedings, the petitioner was "borrowed" from state custody and the State of Tennessee retained primary custody over him during those times. See United

States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998) ( a writ of habeas corpus ad prosequendum demands an inmate be produced to face criminal charges, but does not effect a transfer of custody); see also Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980) (same). Moreover, the petitioner was given credit on his state sentence for all but the date of his arrest and the BOP has credited his sentence for that day. The petitioner's federal sentence is silent as to whether it is concurrent or consecutive to his state sentence, therefore, it is presumed to be consecutive. Accordingly, pursuant to 18 U.S.C. § 3585(b), the petitioner is not entitled to credit on his federal sentence for that same time.

Further, 18 U.S.C. § 3585(a) provides that a sentence commences on the date a defendant is received into custody. Thus, the BOP has properly commenced the petitioner's sentence on August 16, 2006, the date on which he was received into federal custody after his release to parole by the State of Tennessee.

**B.  Nunc Pro Tunc Designation**

In some cases, a federal sentence may commence prior to the date the Attorney General gains physical custody of the defendant. See 18 U.S.C. § 3621(b) (the BOP has the authority to designate the place of a prisoner's confinement); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) (a federal sentence may commence on a defendant who is already in state custody only when the BOP or Attorney General agree to designate a state facility for service of the federal sentence). Thus, where a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the BOP designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d at 911-12. However, although the BOP must consider a prisoner's *nunc pro tunc* request, it is not obligated to grant such a request. See Barden v. Keohane, *supra*.

In this case, the petitioner made a *nunc pro tunc* request to the BOP. The BOP considered the petitioner's request and denied it. In denying his request, the BOP applied the factors in 18 U.S.C. § 3621(b) to the petitioner's situation and also contacted the sentencing court for its input. The BOP found, however, that circumstances did not warrant a nunc pro tunc designation. Therefore, the BOP has done all that it is required to do and its substantive decision to not grant a the petitioner a *nunc pro tunc* designation is not reviewable by this court. Resp't Ex. A at Att. H-J.

## VI.   Recommendation

Because the petitioner's sentence has been properly computed and he is not entitled to the relief sought, it is recommended that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 9) be **GRANTED** and the petitioner's § 2241 habeas petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

docket, and to counsel of record via electronic means.

DATED: December 8, 2009

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE