IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK R. EDWARDS, SR.,

    Petitioner,

v.                                    Civil Action No. 5:09CV95
                                                (STAMP)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

The pro se[1] petitioner, Mark R. Edwards, Sr., was arrested by Tennessee state officials on July 16, 2000. Pursuant to a federal writ, the petitioner was taken into federal custody on September 21, 2000. On July 16, 2001, the United States District Court for the Western District of Virginia sentenced the petitioner to a period of incarceration of 264 months. The petitioner then returned to the custody of the state of Tennessee.

On August 16, 2001, the state of Tennessee sentenced the petitioner to an eight year term of imprisonment. Tennessee granted the petitioner credit on his state sentence for all time served from July 17, 2000 until the date of his state judgment. On August 16, 2006, Tennessee granted the petitioner parole from his state sentence. Then, federal authorities took the petitioner into

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

custody. The Bureau of Prisons ("BOP") commenced the petitioner's federal sentence as of that date. On November 17, 2008, the petitioner's federal sentence was reduced to 234 months.

On July 22, 2009, the petitioner filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Virginia, asserting that the BOP failed to properly compute his sentence. On August 18, 2009, the Western District of Virginia transferred this civil action to this Court because the petitioner is incarcerated at the Gilmer Correctional Institution in Glenville, West Virginia. The petition was referred to United States Magistrate Judge John S. Kaull for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.09. Thereafter, the government filed a motion to dismiss, or in the alternative, a motion for summary judgment. The petitioner did not respond. Following review of the motion, Magistrate Judge Kaull submitted a report and recommendation. Neither the petitioner nor the respondent filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the

recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

A. Computation of Federal Sentence

Pursuant to 18 U.S.C. § 3585(b), a prisoner may not receive credit for prior custody against a federal sentence if the prisoner has already received credit for that time against another sentence. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329 (1992). Here, the petitioner received prior custody credit on his state sentence for the time he spent in federal custody before August 16, 2006 (the date he was released on parole from state custody). The magistrate judge correctly concluded that the petitioner is not entitled to double credit for detention time and that, because the petitioner received state sentence credit for the time he spent in federal custody before August 16, 2006, he cannot receive credit against his federal sentence.

B. Nunc Pro Tunc Designation

A federal sentence may commence prior to the date when the Attorney General gains physical custody of the defendant. 18 U.S.C. § 3621(b); Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990). A nunc pro tunc designation may be made where a federal court orders its sentence to run concurrently with a previously

imposed state sentence.  In that case, the BOP designates a state facility as the place where the inmate serves his federal sentence. <u>United States v. Evans</u>, 159 F.3d 908, 911–912 (4th Cir. 1988).  The BOP must consider a prisoner's <u>nunc pro tunc</u> request, but it is not required to grant the request.  <u>Barden</u>, 921 F.2d at 481.

Here, the petitioner made a <u>nunc pro tunc</u> request to the BOP.  The BOP considered his request and denied it.  The magistrate judge correctly found that the BOP applied the factors listed in 18 U.S.C. § 3621(b) to the petitioner's situation.  Additionally, the BOP contacted the sentencing court for its input.  The BOP examined the petitioner's circumstances and found that they did not warrant a <u>nunc pro tunc</u> designation.  Therefore, the magistrate judge correctly found that the BOP did all that it was required to do and that the substantive decision not to grant the petitioner a <u>nunc pro tunc</u> designation is not reviewable by this Court.

Following review of the record and the parties' pleadings, this Court finds no clear error in the magistrate judge's recommendations.  Accordingly, this Court concludes that the magistrate judge's recommendations concerning the petitioner's § 2241 petition and the respondent's motion to dismiss, or in the alternative, motion for summary judgment be affirmed and adopted.

## IV. <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly

erroneous, the ruling of the magistrate judge is hereby ADOPTED and AFFIRMED in its entirety.  Accordingly, for the reasons set forth above, the government's motion to dismiss is GRANTED and the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 30, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE